**HARRELL et ux. v. ST. LOUIS & S. W. RY. CO. O,F TEXAS. (No. 147–3093.)**

(Commission of Appeals of Texas, Section B. June 9, 1920.)

I. Railroads ⬯350(13) — Evidence held to raise an issue of contributory negligence of automobile driver.

In an action by husband and wife for injuries to the wife and her automobile in a crossing collision, evidence *held* sufficient to support finding either for plaintiffs or for defendant railroad on the issue of contributory negligence of the wife in failing to discover the railroad's approaching motorcar in time to have stopped her automobile.

2. Railroads ⬯351(12) — Requested special charge on contributory negligence held correct.

In an action by husband and wife for injuries to the wife and her automobile in a crossing collision, requested special issue whether a reasonably prudent person in the exercise of ordinary care under the same circumstances would have driven across the track as did plaintiff wife *held* to have correctly presented the issue of contributory negligence.

3. Trial ⬯352(1) — Special issue in action for crossing collision misleading as assuming fact.

In an action by husband and wife for injuries to wife and her automobile in a crossing collision, special issue whether plaintiff wife by the exercise of ordinary care would have seen the approaching train in time to have stopped before collision had she been keeping a lookout *held* erroneous as misleading and confusing, and as assuming that the wife was not keeping a lookout.

4. Judgment ⬯256(2)—Findings held not to warrant judgment for plaintiffs in view of answers to issues.

In action by husband and wife against a railroad for injuries to the wife and her automobile in a crossing collision, error in instructing the jury as a matter of law that it was the duty of plaintiff wife to keep a lookout *held* not to warrant trial court in rendering judgment for plaintiffs in face of answer of jury that plaintiff wife would have seen the approaching train in time had she kept a lookout, and that her failure to keep a lookout caused or contributed to the accident.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by C. H. Harrell and wife against the St. Louis & Southwestern Railway Company of .Texas. From judgment for plaintiffs, defendant appealed to the Court of Civil Appeals, which reversed and rendered judgment for defendant (194 S. W. 971), and plaintiffs bring error. Judgment of the trial court and Court of Civil Appeals reversed, and cause remanded for new trial on recommendation of the Commission of Appeals.

Woods, King & John, of Houston, and I. D. Fairchild, of Lufkin, for plaintiffs in error.

E. B. Perkins, of Dallas, Daniel Upthegrove, of St. Louis, Mo., Marsh & McIlwaine, of Tyler, and Denman & Thomas, of Lufkin, for defendant in error.

McCLENDON, J. C. H. Harrell and wife brought this suit against the St. Louis & Southwestern Railway Company of Texas to recover for personal injuries sustained by Mrs. Harrell, and for damages to an automobile belonging to her. The accident occurred at about 11 o'clock a. m., May 21, 1915, and was the result of a collision between the automobile, which was being driven by Mrs. Harrell in a northeasterly direction along Abney avenue, a public street in the city of Lufkin, and a motorcar traveling in a southeasterly direction on the main line of defendant railway. The cause was submitted to a jury upon special issues, and upon the jury's findings both sides moved for judgment and in the alternative for a new trial. Defendant's motions were overruled, and judgment was rendered for plaintiffs. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment for defendant, in the view that the findings of the jury supported defendant's plea of contributory negligence. 194 S. W. 971. Writ of error was granted by the Committee of Judges upon a notation that in their opinion the cause should have been remanded to the trial court for further trial, instead of rendered in favor of defendant.

The findings of the jury upon the question of primary negligence on the part of defendant were in favor of plaintiffs upon two grounds: (1) That the motorcar was traveling at a rate of speed in excess of six miles an hour, in violation of a city ordinance; and (2) that the operatives of defendant's motorcar failed to keep the proper lookout to discover Mrs. Harrell. The negligence in each of these respects was found to be the proximate cause of the damages sued for. The correctness of these findings is not assailed. The questions presented here relate only to the defense of contributory negligence. Upon that issue the court submitted and the jury answered three questions, as follows:

"Special Issue No. 11. Did Mrs. C. H. Harrell, plaintiff, see the approaching train in time to have stopped her automobile before the same collided with the train?" Answer: "No."

"Special Issue No. 13. Would the plaintiff,

Mrs. C. H. Harrell, by the exercise of ordinary care, have seen the approaching train in time to have stopped her automobile before the same collided with said train if she had been keeping a lookout for said train." Answer: "Yes."

"Special Issue No. 14. Did the failure of Mrs. C. H. Harrell to keep a lookout for said train cause or contribute to the injury, if any, to her automobile and to herself?" Answer: "Yes."

[1] We do not deem it necessary to make an extended statement of the facts in the case. The evidence was sufficient to support a finding either for the plaintiffs or the defendant upon the issue of contributory negligence on the part of Mrs. Harrell in failing to discover the motorcar in time to have stopped her automobile. At the street crossing in question, Abney avenue runs in a slightly northeasterly direction, and is intersected by eight tracks of defendant. Numbering these tracks from west to east, the accident occurred on track No. 7. Track No. 1 is about 200 feet to the west of track No. 7, which intersects Abney avenue at an angle of about 68 degrees 18 minutes. This angle of intersection would throw a motorcar approaching the crossing from the north slightly to the rear of one on Abney avenue approaching from the west. The automobile was a left-hand drive; consequently, Mrs. Harrell was on the north side of the auto and the approach side of the motorcar. She was accompanied by two of her lady friends, all of whom were on the front seat of the auto. She testified that just before reaching track No. 1 she looked north towards Tyler, as well as south towards Lufkin, and saw no car approaching. She again looked north just after crossing track No. 1, and saw no car. She did not look again until just before getting to the main line track, when she discovered the motorcar within a few feet of her. Her first impulse was to stop; but, realizing that she could not do so in time to avoid a collision, she made every effort to cross in front of the car, which struck the rear left wheel of the auto, turning it partially around, and causing the injuries and damage complained of. At the two points where Mrs. Harrell claims to have looked towards the north, there were some obstructions that would prevent a clear view of the main line track. How far she could have seen the motorcar from either of these points was a disputed question. Her testimony placed this distance at about 300 feet north of the crossing. The testimony placed the speed of the motorcar at as high as 24 miles an hour, while Mrs. Harrell's testimony was that she was not exceeding one-third of that rate. Mrs. Harrell was familiar with this crossing, and familiar with the fact that the motorcar was due to arrive at Lufkin at about the time she approached the crossing.

As above stated, the evidence raised the issue of contributory negligence on Mrs. Harrell's part, and would have warranted a finding thereon either for the plaintiffs or defendant.

Plaintiffs objected to the charges above quoted upon contributory negligence upon various grounds, which we need not set out in full. Among them, it is claimed that special issue No. 13 assumes that Mrs. Harrell was not keeping a lookout for the train, and further assumes that it was her duty under the law to keep such lookout. Plaintiffs requested, but the court refused to give, the following special issue:

"Would a reasonably prudent person, in the exercise of ordinary care, under the same or similar circumstances, have driven across the railroad track as did Mrs. Harrell?"

[2, 3] The action of the trial court in overruling plaintiffs' objections to special issue No. 13, and in refusing the special charge last quoted, were cross assigned as error in the Court of Civil Appeals. We think these grounds of error are well taken. The special charge requested correctly presents the issue of contributory negligence. Special issue No. 13 is, to say the least, misleading and confusing, and in our opinion susceptible of the construction placed thereon by plaintiffs. We are clearly of opinion that the Court of Civil Appeals committed error in rendering judgment for defendant.

It is earnestly insisted by plaintiffs that the action of the trial court in rendering judgment in their favor upon the verdict of the jury should be affirmed. This contention is based upon the proposition that the findings of the jury upon the special issues are not susceptible of the construction that there was an affirmative finding in favor of defendant upon the issue of contributory negligence, and that, as the defendant made no request for a correct instruction upon this issue, it was within the province of the trial court to make a finding thereon not inconsistent with the evidence; and that court having rendered judgment for the plaintiffs, its judgment in that regard should not be disturbed. We are not able to accede to this reasoning. Special issue No. 13, in our opinion, is not free from ambiguity. If we resolve this ambiguity in favor of plaintiffs, and read the issue in the light most favorable to defendant, it may be paraphrased as follows:

Gentlemen of the Jury: You are instructed that Mrs. Harrell did not keep a lookout for the train, and that it was her duty under the law to keep such lookout. Now, bearing in mind these instructions, you will answer this question: If she had been keeping a lookout for said train, would she by the exercise of ordinary care have seen it approaching in time to have stopped her automobile before the same collided with said train?

[4] We agree with the contention of plaintiffs that under the evidence in this case it was not the duty of Mrs. Harrell, as a matter of law, to keep a lookout, and that the instruction as paraphrased was erroneous. The evidence of Mrs. Harrell, as above shown, is that she looked twice in the direction of the train, and failed to see it. Under all the evidence, we think the jury would have been warranted in finding that she took such precautions as an ordinarily prudent person would have taken under the same or similar circumstances. We think the contrary conclusion is likewise one which the jury might reasonably have drawn from the evidence. It was therefore error for the court under these circumstances to charge the jury as a matter of law that it was the duty of Mrs. Harrell to keep a lookout; but this error of law would not warrant the trial court in rendering judgment for the plaintiffs in the face of the answer of the jury to that issue and special issue No. 14 to the effect that, if she had been keeping a lookout, she would, by the use of ordinary care, have seen the approaching train in time to have stopped her automobile before the collision, and that such failure caused or contributed to the injury. To so hold would deprive the defendant of any right to have the issue of contributory negligence submitted to the jury. Where the trial court has committed an error of law in peremptorily instructing the jury upon the duties and obligations of one of the parties, and has then submitted an issue based upon this erroneous instruction, it would not be correct practice to hold that the court would have the power, after this issue is answered favorably to one of the parties, to then disregard the verdict of the jury and render judgment for the other party, upon the theory that the finding of the jury based upon an erroneous instruction as to the law of the case was tantamount to a complete absence of finding upon the issue.

It is earnestly urged by plaintiffs that the action of the trial court in rendering judgment in their favor upon the verdict is supported by the cases of Hovey v. Sanders (Civ. App.) 174 S. W. 1025, and Turner v. M. K. & T. (Civ. App.) 177 S. W. 204. We do not deem it necessary to review those cases. Their careful perusal will fail to disclose any conflict between their holdings and the views we have herein expressed.

We conclude that the judgments of the trial court and Court of Civil Appeals should be reversed, and the cause remanded to the district court for a new trial.

PHILLIPS, C. J. We approve the judgment recommended in this case, and the holding of the Commission upon the question discussed.