## TEXAS EMPLOYERS' INS. ASS'N v. KNOUFF.    (No. 913-4988.)

Commission of Appeals of Texas, Section B. May 30, 1928.

**Master and servant ⊚⟹416, 416½—Accident Board could not set aside order approving settlement for insurer's failure to comply therewith; remedy being by suit to enforce award (Rev. St. 1925, art. 8306, §§ 12d, 15, and art. 8307, § 5a).**

Where compensation settlement agreement between injured employee and compensation insurer was approved by Industrial Accident Board, it constituted a final order and award of the board within Rev. St. 1925, art. 8306, § 15, and board had no authority under section 12d to set it aside except for change of conditions, mistake, or fraud, and could therefore not set it aside for insurer's failure to comply fully therewith; employee's remedy being by suing in district court to enforce award under article 8307, § 5a.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Suit by Neita Knouff against the Texas Employers' Insurance Association to set aside a final ruling and decision of the Industrial Accident Board. Judgment for plaintiff was affirmed by the Court of Civil Appeals (297 S. W. 799), and defendant brings error. Reversed and rendered.

See, also, 271 S. W. 633.

Lawther, Pope & Lawther, of Dallas, and Nat Harris, of Waco, for plaintiff in error.

Spell, Naman & Penland and Jos. W. Hale, all of Waco, for defendant in error.

SPEER, J. Miss Neita Knouff filed this suit in the district court of McLennan county to set aside a final ruling and decision of the Industrial Accident Board awarding her compensation for an injury received by her on September 27, 1921, while in the course of her employment as telephone operator and saleslady for the Goldstein-Migel Company, a subscriber to the association. The association pleaded to the jurisdiction of the district court and joined issues generally. The trial court overruled the plea to its jurisdiction, and the cause was submitted upon special issues, upon the answers to which judgment was rendered for the plaintiff. The Court of Civil Appeals in a majority opinion affirmed the judgment of the trial court, Justice Barcus dissenting, not only as to the plea to the jurisdiction, but upon the sufficiency of the facts to support the verdict and judgment of total and permanent disability. 297 S. W. 799.

The application for writ of error by the association presents, first, the question that the court erred in overruling its plea to the jurisdiction; and, in the view we take of the case, that question is decisive of all others.

Before examining the pleadings and evidence pertinent to this question, we will consider briefly the nature of the jurisdiction of the Industrial Accident Board and of the district court in administering the Compensation Law. This entire subject is reviewed with great learning by Chief Justice Cureton in Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084. The authorities are cited and reviewed at great length, and those principles are announced:

(1) "This suit arises out of a workman's compensation proceeding, and it is therefore in derogation of the common law. The rights to be enforced, and all the remedies provided therefor, are purely statutory, as distinguished from the common law rights and remedies."

(2) "The general rule is that where the cause of action and remedy for its enforcement are derived, not from the common law, but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects, or the action is not maintainable."

(3) "The Workmen's Compensation Act [Rev. St. 1925, arts. 8306–8309] having created the rights to be enforced, and provided the remedy therefor, each step in the progress of the maturity of a claim from the time of the injury to its final adjudication is a mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies."

(4) "The fact that the suit in the instant case was brought in the district court, a court of record of general jurisdiction, raises no presumption as to the jurisdiction, and does not obviate the necessity of pleading jurisdictional facts by the plaintiff."

(5) "The rule is well settled in most jurisdictions, and in this state, 'that there is no presumption of jurisdiction where a court, although it is one of general jurisdiction, exercises special statutory powers in a special statutory manner or otherwise than according to the course of the common law, since under such circumstances the court stands with reference to the special power exercised on the same footing with courts of limited and inferior jurisdiction.'"

The plaintiff alleged in her petition all necessary facts to show jurisdiction in the district court to try anew her right to compensation, including notice of the accident, final ruling and decision of the Industrial Accident Board, her notice of unwillingness to abide by the decision, and notice of appeal, all within the statutory time. Those allegations were sufficient to show on their face jurisdiction in the district court. But the defendant association in due order of pleading controverting the allegations of plaintiff's petition pleaded that the district court had no jurisdiction, because the Industrial Accident Board had no jurisdiction to make the order it did on April 12, 1923, setting aside and holding for naught a compromise settlement agreement previously made between the parties and approved by the board, the exact point being that the board had no power under the statute to set aside a previous agreement

and settlement approved by it except for changed conditions, mistake, or fraud, and that the jurisdiction attempted to be exercised in making the order appealed from was not within the statute.

We are therefore not required to determine as to whether or not any presumptions will be indulged in favor of the jurisdiction of the district court or of the board (if indeed such presumptions can ever be indulged in a case like this), for the issue of fact touching the matter of jurisdiction is sharply made by the pleadings. Upon the trial the plaintiff introduced in evidence her petition filed with the Industrial Accident Board praying the board to reopen the case pending before it, which petition is as follows:

"Now comes Miss Neita Knouff and shows to the court that settlement was agreed to in this case by the said Miss Neita Knouff upon the express representation and agreement made by the insurance company through its agents that it would pay all of the medical and hospital expenses incurred by said Miss Neita Knouff, and especially agreed to pay the expenses incurred by Miss Neita Knouff for chiropractic treatments from Lemly Bros., and in this connection the said Miss Neita Knouff would further show to the said board that said treatments were taken at the suggestion and with the approval of the agents of the said insurance association and that said agents agreed to pay said expenses at the time said settlement was entered into.

"The said Neita Knouff would further show to the said board that said insurance association has wholly failed and refused to pay the said expenses of (or) any part thereof and that she is now being called upon to pay the same; that the said Neita Knouff would not have entered into said settlement or accepted the same except upon the representation and agreement on the part of said insurance association that said expenses would be paid, all of which is shown by affidavits of the said Neita Knouff and W. L. Bacon, the agent and representative of the employer, the Goldstein-Migel Company, which are attached hereto and made a part hereof.

"Wherefore, the said Neita Knouff prays that this cause be reopened and that upon rehearing hereof the settlement heretofore made be set aside and held for naught and that said expenses of the said Lemly Bros. as a verified and itemized statement of which is attached to this motion be allowed, and for such other and further relief as she may be entitled to in the premises."

The plaintiff likewise introduced the order of the board upon her petition, which contained the following:

"On this 12th day of April, A. D. 1923, after due notice to all parties at interest, came on to be considered by the Industrial Accident Board claim for compensation made and asserted herein by Miss Neita Knouff to be against the Texas Employers' Insurance Association, and the board finds as follows: * * *

"The board further finds that heretofore there was submitted to it the compromise settlement agreement made and entered into by and between the interested parties which secured its approval by its duly made and entered order dated August 31, 1922, that it is contended by the claimant herein that said approved agreement has not been carried out by said Texas Employers' Insurance Association, and that all of the consideration entering into said agreement has not been paid and fulfilled by said insurance association in the particular that a part of said agreement was that the said association would pay all medical and hospital expenses that had been incurred by the claimant prior to the date of the agreement; that the particular in which the said association failed to carry out its said agreement was failure to pay a certain item of expense to Lemly Bros., chiropractors, of Waco, Tex., in the sum of $250, and that by reason of said failure that said agreement ought to be held to be of no binding force or effect upon the claimant. The board further finds that after hearing the evidence submitted by all parties concerned upon said issue that said Texas Employers' Insurance Association had failed to fulfill its agreement in the particular hereinbefore named, it is of the opinion that the association has in fact failed and refused to execute and carry out its said agreement' in that particular, and that consequently the said agreement ought not to be sustained and upheld, but that it ought on the contrary, and is hereby declared, to be of no binding force or effect upon the parties, and that said claim ought to be and is hereby held properly pending before the board on its merits as a claim for compensation, and that the only valid force or effect said agreement should have in connection with said claim in any particular is to give to said Texas Employers' Insurance Association due credit for the amount of money paid and expended by it through and by virtue thereof, and it is so ordered, adjudged, and decreed by the board."

Section 12d of the Workmen's Compensation Law (Rev. Civ. Stat. 1925, art. 8306) provides:

"Upon its own motion or upon the application of any person interested showing a change of conditions, mistake, or fraud, the board at any time within the compensation period may review any award or order, ending, diminishing or increasing compensation previously awarded within the maximum and minimum provided in this law, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be only upon notice to the parties interested."

Where the interested parties have agreed upon a settlement in full of the injuries, and the same has been duly approved by the board, the same constitutes a final order and award of the board (article 8306[15]), and the board itself has no power under the statute to set aside such order except the case comes within the terms of section 12d above quoted. It thus affirmatively and indisputably appears the Industrial Accident Board had no power to enter its order of April 12, 1923, setting aside its previous order approving the agreed settlement, because neither the petition nor the order was predicated upon

any "change of conditions, mistake, or fraud." On the contrary, the order was sought and granted upon the express ground that the association had failed to comply fully with the approved settlement. This is not a ground of jurisdiction for the board to reopen a case. On the contrary, the statute expressly provides a method for enforcing an award.

In section 5a of article 8307, it is provided:

"Where the board has made an award against an association requiring the payment to an injured employé or his beneficiaries of any weekly or monthly payments, under the terms of this law, and such association should thereafter fail or refuse, without justifiable cause, to continue to make said payments promptly as they mature, then the said injured employé or his beneficiaries, in case of his death, shall have the right to mature the entire claim and to institute suit thereon to collect the full amount thereof, together with twelve per cent. penalties and attorney's fees, as herein provided for. Suit may be brought under the provisions of this section, either in the county where the accident occurred, or in any county where the claimants reside, or where one or more of such claimants may have his place of residence at the time of the institution of the suit."

This provision affirmatively places jurisdiction for a failure to comply with an award in the district court, and not in the Industrial Accident Board.

These considerations compel us to recommend that the judgments of both courts be reversed and judgment be here rendered sustaining plaintiff in error's plea to the jurisdiction and dismissing the cause. This will, of course, not work a destruction of the original order of the board approving the settlement between the parties, and the same is unaffected by the attempted order of the board of April 12, 1923.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and judgment rendered for plaintiff in error, as recommended by the Commission of Appeals.