## FEDERAL SURETY CO. v. JETTON et al.
### No. 10708.

Court of Civil Appeals of Texas. Dallas.
April 17, 1930.

As Modified on Denial of Rehearings June 21, 1930.

Burgess, Burgess, Chrestman & Brundidge. and L. E. Elliott, all of Dallas, for appellant.

White & Yarborough and Leachman & Gardere, all of Dallas, for appellees.

### VAUGHAN, J.

W. A. Jetton, one of the appellees, instituted this suit in the court below to set aside an award entered against him and in favor of appellant, Federal Surety Company, by the Industrial Accident Board, on his claim for compensation on account of injuries alleged to have been sustained by him on October 15, 1927. Appellee alleged that by lifting a heavy door he severely strained his heart, which produced total permanent incapacity to perform labor; that his injuries were received in the course of his employment with the Coca Cola Bottling Company of Dallas, Tex.; that his average weekly wage was $25; and further·alleged the making of a final ruling and . decision by the Industrial Accident Board against him, and concluded with a prayer for 401 weeks' compensation. Appel-

lant impleaded appellee Commercial Standard Insurance Company, whereupon appellee Jetton, by amended petition, sought recovery against both appellant and appellee Commercial Standard Insurance Company, as joint insurers of the Coca Cola Bottling Company, under the Compensation Act (Rev. St. 1925, arts. 8306–8309).

For brevity, appellee W. A. Jetton will hereinafter be referred to as appellee Jetton, the Coca Cola Bottling Company as the bottling company, the Commercial Standard Insurance Company as appellee company, and the Federal Surety Company as appellant.

The suit was begun by an original petition filed July 11, 1928, in which it was alleged that the bottling company was an employer of labor, within the meaning of the Compensation Act, and became a subscriber thereto by having an employer's indemnity policy issued to it by appellant. On July 13, 1928, appellant filed a general demurrer and general denial to said petition. On September 4, 1928, appellee Jetton amended his petition against appellant, to which it answered on December 6, 1928, by its first amended original answer, pleading that it had issued no policy in favor of the bottling company covering its employees at Dallas, where appellee Jetton alleged he was employed and injured; and further alleged that its policy covered Terrell, Tex., only.

Appellant, by way of affirmative pleading against appellee company, repleaded the facts alleged by it as a defense to appellee Jetton's claim, set up the provisions of its policy with reference to concurrent insurance, and pleaded that, if for any reason it was liable to Jetton, it was entitled to a judgment over against appellee company, for the full amount of any judgment against appellant; and, in the alternative, for half of said amount under the concurrent insurance clause of its policy. Appellee Jetton, by his second amended original petition, filed December 7, 1928, alleged the status of the bottling company as an employer of labor and a subscriber under the Compensation Act through policies issued by appellant and appellee company, his employment by the bottling company, his average weekly wage of $25, the injury sustained by him to his heart, total and permanent disability resulting therefrom, notice of injury, claim for compensation before the board, the making of an award by the board June 14, 1928, notice of appeal of June 26, 1928, and the institution of this suit July 11, 1928, and prayed for judgment against appellant and appellee company for 401 weeks' compensation, and that one-third be awarded to his attorneys as their fee.

On January 7, 1929, appellee company filed its plea in abatement to appellee Jetton's second amended original petition, on the ground that it was for the first time brought into the suit on December 7, 1928, whereas the award complained of was made on June 14, 1928, and in connection with which notice of unwillingness to abide by said award and intention to appeal therefrom was alleged to have been made on June 26, 1928, and therefore suit was not instituted against it within the time required by statute. Subject to said plea it further answered by general demurrer, special exceptions, general denial, and a specific plea in bar setting up the same matters alleged in its plea of abatement. To the plea of appellant against it, appellee company filed a general demurrer and general denial. The trial was before a jury. At the close of appellee Jetton's testimony, appellee company moved the court to dismiss as to it for want of jurisdiction over it, which was refused, and for a directed verdict in its favor, which was overruled. At the close of the testimony, appellant moved for instructed verdict, which was refused, and appellee company renewed its motion to dismiss as to it for want of jurisdiction, which was granted, and the case submitted as against appellant on special issues; the answers of the jury thereto constituting findings as follows:

"No. 1: Jetton sustained accidental injuries while an employee of Coca Cola Bottling Works on or about the 15th day of October, 1927.

"No. 2: Jetton sustained said accidental injuries in the course of his employment with Coca Cola Bottling Works.

"No. 3: Jetton did not sustain total incapacity as a natural result of said injuries. (Issues 4, 5, and 6 were not answered because of the answer made to No. 3.)

"No. 7: Federal Surety, or Coca Cola Bottling Works, had or received notice of the injuries to W. A. Jetton within 30 days after the 15th day of October, 1927.

"No. 8: The policy of insurance issued by defendant, Federal Surety, No. TX-5462, to Coca Cola Bottling Works, Inc. dated February 15, 1927, was in force at the time of the injuries to W. A. Jetton.

"No. 9: Tona Rosetti had notice of the injuries to W. A. Jetton on the 15th day of October, 1927, or within 30 days thereafter.

"No. 10: Jetton sustained partial incapacity as a natural result of the injuries sustained.

"No. 11: Said partial incapacity is permanent.

"No. 12: Jetton sustained 50 per cent permanent partial incapacity as a natural result of the injuries."

On the court's order sustaining the plea to jurisdiction urged by appellee company, and on findings of fact by the jury, the trial court on July 16, 1928, entered judgment dismissing appellee company from the suit for want of jurisdiction, both under appellee Jetton's

petition and the pleadings of appellant, and rendered judgment in favor of appellee Jetton against appellant for 300 weeks at $7.50 per week, payable weekly, beginning October 15, 1927, with interest on installments from the respective maturity dates of each, and allowed one-third of said compensation to his attorney. From this judgment appellant duly prosecuted its appeal and, under appropriate propositions, the proceedings had are presented for review and correction. The findings of fact by the jury, being sustained by ample evidence, are adopted by this court as its conclusions of fact.

■ Appellant, by its first proposition, presents as error the refusal of its motion for an instructed verdict, contending that, as its policy covered only the bottling company's business at Terrell, Tex., which location was separate and distinct from its Dallas plant and took a different premium rate, and the bottling company having in full force a good and valid compensation policy covering its operations in Dallas, where appellee Jetton was injured, and since appellant received no premiums on the pay roll of any employees at Dallas, and under its contract with the bottling company was not entitled to receive any, appellant was not liable to pay compensation to appellee Jetton.

Appellant notified the Industrial Accident Board of Texas of renewal of compensation insurance issued by it to the bottling company, said notice being as follows: "The Industrial Accident Board is hereby given notice of the renewal of the policy of insurance by the undersigned under the terms and provisions of the Employers Liability Act to employer, Coca Cola Bottling Company, Inc.; address ―――― Street, Dallas, Texas; occupation bottling; former insurer Federal Surety Company; date of cancellation or expiration of policy February 15, 1927; number of employés ――――; annual payroll $7,688.70; policy No. TX-5462; date effective February 15, 1927; hour effective 12:01 A. M.; date of expiration February 15, 1928; hour of expiration 12:01 A. M.; present insurer Federal Surety Company by Texas Department; address 1222 ―――― Street, Dallas, Texas; dated at Dallas, Texas the 15th day of February, 1927."

Said notice was received by the Industrial Accident Board on January 13, 1927. Appellee Jetton was injured on the 15th day of October, 1927. It is admitted that appellant issued its policy of compensation insurance, being policy No. TX-5150, in favor of the bottling company and covering its operations at Terrell, Tex., for the period from February 15, 1926, to February 15, 1927. Appellant claims that, at the expiration of this policy, it issued a renewal thereof, but that in making a report of that fact to the Industrial Accident Board it stated it had issued to the bottling company at Dallas, Tex., a renewal of the policy expiring February 15, 1927, and gave its number as TX-5462. As to this conflict in the number, appellant contends that same is a conflict between the policy issued by it to the bottling company at Terrell and one issued by it to Tom Miller of Austin, Tex.; that the Miller policy finally had the number TX-5462 indorsed thereon; and that the policy issued in favor of the bottling company, covering the location of its business at Terrell, Tex., was carried by appellant and the commissioner of insurance under the number TX-5463, and was in force at the time appellee Jetton was injured on October 15, 1927, and at the same time the bottling company had a policy issued by appellee company, being No. WC-10083, covering the bottling company's operations at Dallas, Tex. Appellee company received the premium on this policy, based on the bottling company's pay roll for its Dallas employees. Appellant did not receive any premiums based on the pay roll of the bottling company's employees at Dallas. Appellee company's policy, covering at Dallas, was issued in the name of Coca Cola Bottling Company; appellant's policy was issued in the name of Coca Cola Bottling Works, Inc.; that the operations conducted at the two locations were different in their classifications by the commissioner of insurance, and appellant was ordered by the commissioner to change its classification from 2164 to 2162, because: "Our records show that this company is covering the risk of Terrell, Texas. Code 2162 is not applicable to this location, according to recent inspection of report. Code 2164 applicable." Also by letter dated December 8, 1927, the commissioner of insurance advised that the adjusted rate of 2162 was promulgated for the Dallas location only, as the other plants were properly classified under Code 2164.

Appellant, as to its subscriber, the bottling company, made a report in writing to the Industrial Accident Board of the issuance of policy TX-5462. Appellee Jetton gave appellant timely notice to produce the original policy No. TX-5462, or a certified copy thereof, to be offered in evidence, of which notice was given by appellant to the Industrial Accident Board, had been issued in renewal of policy issued by it to the bottling company, the expiration date being February 15, 1927. This notice was not complied with, although, in so far as is shown by the record, it was within appellant's power to do so.

Appellee Jetton introduced in evidence the policy of compensation insurance issued by appellee company covering the bottling company, 1101 Second avenue, Dallas, for the period from October 27, 1926, to October 27, 1927, and covering location at 1101 Second avenue, Dallas, Tex. The estimated annual pay roll on this policy was over $95,000. It was not shown that the Industrial Ac-

538

cident Board was advised by appellant, or its subscriber, the bottling company, that the notice of renewal of compensation insurance made by appellant to and received by said board January 13, 1927, was incorrect in the respects now urged by it as a defense to appellee Jetton's cause of action, or that prior to receiving his injuries, appellee Jetton had any notice thereof. Furthermore, appellant did not establish that, prior to the injuries sustained by appellee Jetton, it had canceled the policy of insurance so reported by it to have been issued in its notice of January 13, 1927, to said Accident Board.

Under this state of the evidence, we do not think the court erred in refusing appellant's request for peremptory instruction and in submitting to the jury's special issue No. 8, viz.: "Do you find and believe from a preponderance of the evidence that the policy of insurance issued by the defendant, Fidelity Surety Company, No. TX–5462, to Coca Cola Bottling Works, Inc., dated February 15, 1927, was in force at the time of the injuries, if any, to W. A. Jetton on or about the 15th day of October, 1927?" The evidence above set out was sufficient to require the submission of said issue; therefore appellant's propositions Nos. 1, 2, and 3, based upon the giving of said special issue No. 8, and the refusal of appellant's motion for an instructed verdict, are overruled.

■ Appellant's fourth proposition, presenting that special issue No. 8 was on the weight of the evidence, in that it was assumed therein, in reference to which there was conflicting testimony, that appellant's policy No. TX–5462 was issued to the Coca Cola Bottling Works, Inc., and covered its employees at Dallas, will have to be sustained. This issue called for a material finding under conflicting evidence and should have been submitted to the jury, free from the assumption that any facts related thereto had been established, either one way or another; of this vice said issue was contaminated. Article 2190, R. C. S. 1925; Harrell v. St. L. & S. W. Ry. Co. (Tex. Com. App.) 222 S. W. 221; Shaller v. Allen (Tex. Civ. App.) 278 S. W. 873; Anders v. California State Life Ins. Co. (Tex. Civ. App.) 214 S. W. 497.

■ Appellant's fifth and sixth propositions are based on its motion to set aside the verdict of the jury and the judgment of the court rendered thereon, because: (a) Special issue No. 8 is wholly immaterial, and there was no issue submitted or answer found by the jury whereby any finding could be inferred that appellant had any policy of compensation insurance in force at the time of the alleged injury to Jetton, whereby he would be entitled to any compensation from it; and (b) because the jury's verdict did not contain any finding that appellant had any policy of compensation insurance in favor of appellee Jetton, or in force at the time of his injury,

and the judgment was wholly without any finding of the jury to support it.

Appellee Jetton, in his second amended original petition, filed December 7, 1928, and on which this cause was tried, made appellee company a party defendant, and in part alleged: "That the defendants, each and both of them * * * issued to the Coca Cola Bottling Works, Inc., a policy of insurance covering accidental injuries * * * to the employees of said Bottling Works * * * that plaintiff Jetton was on, to wit the 15th day of October, 1927, an employee of said Coca Cola Bottling Works, Inc. and by reason of such employment was and is entitled to the benefits of said policies of insurance * * * that while in the course of his employment working for the Coca Cola Bottling Works at Dallas, he was injured." Appellee company issued its policy to the Coca Cola Bottling Works, 1101 Second avenue, Dallas, Tex., covering all of its employees at Dallas, which was in force at the time appellee Jetton was injured. In the notice of renewal by appellants of its policy, issued to Coca Cola Bottling Works, Inc., it was not stated that its benefits only extended to employees at any designated location, or place of business conducted by said Coca Cola Bottling Works.

The testimony of appellant's witnesses—Jones, Wittram, and Parsons—but for being in conflict with other testimony, would establish the following facts: That appellant issued its policy of compensation insurance, No. TX–5150, in favor of the bottling works covering its operations at Terrell, Tex., during the period of time from February 15, 1926, to February 15, 1927; that at the expiration of this policy it issued a renewal thereof, and made report of that fact to the Industrial Accident Board, reporting that it had issued to the bottling company at Dallas, Tex., a renewal of policy expiring February 15, 1927, its number being given as TX–5462; that there was an error in this number because of a conflict between the policy issued to the bottling company at Terrell, Tex., and one issued to Tom Miller of Austin, Tex.; that Miller's policy was finally given the number TX–5462; that the policy issued in favor of the bottling company was carried by the company and the commissioner of insurance under the number TX–5463, in item 3 of which it was stated that the location covered was at Terrell, Tex.

Appellee Jetton alleged that he sustained accidental injuries in Dallas county on October 15, 1927, while working in the course of his employment with the Coca Cola Bottling Company; that the defendants Federal Surety Company and Commercial Standard Insurance Company are duly incorporated, operating and doing a liability accident and indemnity insurance business in the state of Texas; that each of them, under the Workmen's Compensation Law, issued to the bottling company a policy of insurance covering

accidental injuries resulting in total, permanent, partial, or temporary disability to employees of said bottling company; that he was on, to wit, the 15th day of October, 1927, an employee of the bottling company, and by reason of such employment was and is entitled to the benefits of said policies of insurance, on account of the injuries sustained by him on the 15th day of October, 1927, while in the course of his employment.

Appellant's defense was presented by the following plea:

"Defendant denies specially that it had any policy of compensation insurance in favor of the Coca Cola Bottling Company, whereby the plaintiff, W. A. Jetton, was covered, or entitled to any compensation from this defendant, and specially avers that it did not have any such policy. Defendant would show to the court that the only policy ever issued by this defendant was its policy No. TX–5463, whereby and whereunder it insured the Coca Cola Bottling Works, Inc., and the employees of said concern at Terrell, Texas; that the Coca Cola Bottling Works, Inc., or Coca Cola Bottling Company, had several policies of compensation insurance covering its employees at various and sundry places, and among which was the policy of this defendant, as above described, which covered the employees of the Coca Cola Bottling Works, Inc., at Terrell, Texas, which location and plant was separate, independent and apart from the plant of the Coca Cola Bottling Company at Dallas, Texas, and which said risk at Terrell, Texas required a different rate and classification, and was classified differently by the Insurance Commissioners of the State of Texas for the Workmen's Compensation and Casualty Division. That the defendant's said policy was written by its local agent at Terrell, Texas, and was never intended to and did not cover any employees of the Coca Cola Bottling Company at Dallas, Texas, or elsewhere, other than at Terrell, Texas. That the accident and injury complained of by the plaintiff herein, is alleged to have occurred at Dallas, Texas. That the defendant collected no premium on the payroll of the employees of the Coca Cola Bottling Company at Dallas, Texas; but the premium, accruing by reason of the operations at Dallas, Texas of the said Coca Cola Bottling Company, were paid to another and different insurance carrier, who had the policy covering said company and its employees at its Dallas location. That the Coca Cola Bottling Company had, during the year of 1927, various and sundry policies covering its various and sundry locations or plants in various towns in the State of Texas, each of which was independent and separate and distinct from the operations carried on in the City of Dallas."

Appellant, by the above plea, specifically pointed out the only policy of insurance claimed to have been issued by it to the bottling company, and alleged that same only covered its employees at Terrell, Tex., and did not cover employees of said bottling company at Dallas, Tex., or elsewhere than at Terrell, Tex. Said pleadings of appellee Jetton and appellant clearly presented the issue, viz., whether or not at the time appellee Jetton was injured his employer, Coca Cola Bottling Works, Inc., held an employer's liability policy of insurance issued by appellant, which covered appellee Jetton. The issue as submitted was defective, in that it did not require the jury to make an affirmative, specific finding as to whether or not the policy of insurance issued by appellant to the bottling company covered the employees of said company at Dallas, Tex. Appellant's objection to said special issue was that: (a) There was no evidence in the record authorizing the submission of same; (b) because it appeared from the uncontroverted evidence that any policy issued by appellant did not cover the location at Dallas; (c) as a matter of law the policies written by appellant did not cover the employees of the bottling company at Dallas, or appellee Jetton; (d) because said issue was on the weight of the evidence, in that, there was no evidence in the record that said policy No. TX–5464 was ever issued to the bottling company, or at least the evidence was sharply contested on that issue. Neither of said objections was on the ground that said issue was not so framed as to require the jury to affirmatively find whether or not the policy designated therein covered employees of the bottling company at Dallas, Tex. However, in view of the fact that this cause must be reversed, we suggest that the issue, on another trial, be so framed as to require the jury to find whether or not the policy issued by appellant to the bottling company covered its employees at Dallas, Tex.; unless the issue of estoppel in effect suggested by the pleadings of the parties should be affirmatively presented and evidence introduced in support thereof. In that event, special issues covering that feature of the case will be submitted.

From the above discussion we have reached the conclusion, that said propositions should be overruled, as under the evidence above set out, the issue, although imperfectly framed, was properly submitted.

Appellant, by its seventh proposition, presents as error the refusal of the trial court to submit its special issue No. 1, viz., "Does plaintiff's incapacity, if any, for work result from infections or diseases not caused by or resulting from the accident alleged by plaintiff to have been sustained the 15th day of October, 1927?" Appellee Jetton based his right to compensation upon the allegation that he had strained his heart in attempting to lift a door, from which his disability resulted.

Under the following testimony, we are of opinion that the court erred in refusing to submit said requested issue.

Dr. M. B. Fry, a witness introduced by appellee Jetton, testified: "The two common causes of a man's feet swelling are Bright's disease and failing heart. I have never found any trouble with this man's kidneys and I have examined them repeatedly. My opinion in this case is based upon the fact that the man says he got a strain lifting a door, and upon my examination of him, in which I found no trouble before. I had examined him I suppose a half dozen times, thoroughly each time. Swelling in the feet is produced from a heart condition, as a primary cause, and secondary because the heart does not take care of the blood supply, does not pull the blood back. Swollen condition of the feet is sometimes called dropsy. If as a matter of fact that man had that condition in his legs and feet prior to the 15th day of October, and did not have kidney trouble, it would necessarily follow he had a bad heart. I had been his family doctor for four or five years. I don't know that I had ever examined him before that time in July, or treated him for anything."

Appellee Jetton, on being interrogated in reference to his testimony before the Industrial Accident Board, testified: "I don't remember what I told the Board, they asked me so many questions I don't remember telling the Board that I hurt my heart in July. The first I remember telling them was I hurt my heart over. I don't remember saying that I went to see Dr. Fry and got medicine for my heart in July. My legs were swollen some in July, but they were not swollen up in June. Mr. Jones told me in June that his father had high blood pressure. I don't remember telling Mr. Jones at that time that I had trouble with my legs swelling up. I told him in July that my ankles were swollen up and Dr. Fry was treating them. I first went to Dr. Fry after I fell off of that tank."

Appellee, in reference to consulting Dr. Winans, testified: "I told him my legs were swollen in July, but that I had gotten over it, but that it seemed to be getting worse and that I had done some lifting there on the door."

John M. Jones, a witness introduced by appellant, testified: "I was at one time employed at the Coca Cola Bottling Works, Inc.; went there in March 1922 and left in March 1929. I had charge of the office and in that capacity if anybody would receive an injury in the course of his employment I would report it to the insurance company on a special form. I know Mr. Jetton. He worked out there as a watchman. Mr. Jetton had a conversation with me about swollen feet, dropsy or kidney trouble around in the early part of the year of 1927. I would say it was along in May 1927 that he was complaining of it mostly. From the way he stated it to me, it seemed that it was more of what you would call a chronic condition. He said he was suffering from kidney trouble and was taking some medicine that he said he got from Dr. Fry. I talked to him about his condition at that time and I told him my father was suffering from about the same symptoms. I know it was in May of 1927 because my father was suffering from this same trouble and he changed doctors and I talked to Mr. Jetton about his condition just right after he changed doctors. Prior to that time he complained of not feeling well, and that it was kidney trouble he thought. He said it was dropsy and kidney trouble. I don't remember the exact date when he quit work out there. Up to the time he quit work Mr. Jetton never mentioned that he had any sort of accident while working out there at the plant. The first I knew about the accident was when Mrs. Jetton called me up at the plant in March 1928 and told me in that conversation that she thought he never would get well for he had fallen off of a syrup tank and hurt himself. I never heard of his falling off the tank before that."

Dr. H. M. Winans, a witness introduced by appellee company, testified: "I examined Mr. Jetton in January of 1928. He told a story of having had dropsy since the year previous. I believe he said it began in January 1927, when he first noticed it. He said that he had not had any accidents prior to January 1928. I examined him and found that he had a greatly enlarged heart, and some evidence of arterio sclerosis, which is a general thickening of the walls of the arteries and blood vessels. Arterio sclerosis simply means a replacement of the muscular tissue in the blood vessels with muscle scar tissue, just like if you have got a cut on the skin or a mark, that mark will heal over with scar tissue. The same may be said with the blood vessels; if there is a hardening of the blood vessels, they will heal over with muscular tissue or a fibrous tissue. That requires quite a long period of time. As to whether or not that was progressive or came on suddenly or gradually, it is my opinion that it was due to a previous condition; a slow, progressive condition; he had been suffering from cold feet for nearly a year, but in all probability the thing that called his attention to it was the swelling of his feet. In all probability before that time he showed some evidences of some change there. The man had the condition in his system before it really evidenced itself to him. In other words, the result of the condition is what he notices in the feet. The manner in which this heart condition produces swelling in the feet and ankles is a matter of gravity."

Tony Rosetti, a witness introduced by appellant, testified: That he worked for the

bottling company about twenty years; that he knew appellee Jetton; that he and Jetton were at the same time employees of said bottling company; that prior to October, 1927, Mr. Jetton complained of swollen feet a number of times; "he didn't remember; he said he had rheumatism and trouble of his feet swelling upon him."

■ The above evidence, together with other evidence in the record, unqualifiedly raised as an issue in the case whether or not appellee Jetton's physical condition was due to a disease not the result of the injury alleged to have been sustained by him in the course of his employment. Under the law, the burden was upon appellee Jetton to prove an injury sustained by him in the course of his employment resulting in his alleged disability. That burden could not be discharged by evidence to the effect that his physical condition was due to a disease not the result of the injury alleged to have been sustained by him in the course of his employment. Therefore, appellant had the right, under its general denial, to have that issue submitted to the jury upon its request. It is a well-established rule of practice that a defendant has the right to have affirmatively submitted any matter of defense created by the pleadings and finding support in the evidence. American Emp. Ins. Co. v. Singleton (Tex. Com. App.) 24 S.W. (2d) 26; National Cash Register Co. et al. v. Rider (Tex. Com. App.) 24 S.W.(2d) 28; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Petroleum Casualty Co. v. Bristow (Tex. Civ. App.) 21 S.W.(2d) 9, and authorities cited; Montrief & Montrief v. Bragg (Tex. Com. App.) 2 S.W.(2d) 276.

■ It is contended by appellee Jetton that the submission of special issue No. 10, viz., "Do you find and believe from a preponderance of the evidence that plaintiff W. A. Jetton sustained partial incapacity as a natural result of the injuries, if any, sustained on or about October 15, 1927?" and the answer, "Yes," thereto, rendered the action of the trial court, in refusing to give the issue requested by appellant, harmless error, in that, the answer of the jury to special issue No. 10 necessarily involved the finding that appellee Jetton's incapacity for work did not "result from infections or diseases not caused by or resulting from the accident," alleged by appellee to have been sustained by him. This position is in direct conflict with the rule of law according to a defendant the same right to have his defense affirmatively submitted as a plaintiff has to have his grounds for recovery affirmatively submitted. The purpose of this rule of practice is to secure to litigants, plaintiff and defendant alike, a fair and impartial trial according to the established forms of law, in that there shall be no inequitable distinction made in the submission of a cause as between the grounds of the cause of action and the defense there-

to, it being just as important to a defendant to have his defense to a cause of action affirmatively submitted in no uncertain terms, as it is to a plaintiff to have his grounds for recovery submitted clearly and affirmatively to the jury. Petroleum Casualty Co. v. Bristow, supra. We therefore hold that the trial court erred in refusing special issue No. 1, requested by appellant.

■ Appellant contends, by its eighth and ninth propositions, that the court erred in dismissing appellee company from the cause for want of jurisdiction. Appellee Jetton, in his claim for compensation, before the Industrial Accident Board, based same on the ground that he sustained a strain of his heart while lifting a door on the premises of the bottling company on October 15, 1927. He continued to work until January 18, 1928, and began asserting claim for compensation for the alleged injuries the first part of March 1928. On June 14, 1928, the Industrial Accident Board made and entered its final ruling and decision on the claim of appellee Jetton, by which compensation was denied him and appellant discharged on the ground that Jetton had not received an injury in the course of his employment. No claim was asserted at that time against appellee company. On June 26, 1928, notice of appeal from said award was served on the Accident Board, in which the style of the claim, viz., W. A. Jetton v. Federal Surety Company, was set out. No mention was made of appellee company. On July 11, 1928, appellee Jetton perfected his appeal by filing suit in the trial court against appellant, to set aside said award of the Accident Board. On December 6, 1928, appellant filed a cross-action against appellee company, claiming that said appellee was the insurer of appellee Jetton, and asked for judgment over and against it for the full amount of any sum appellant may be held liable for and, in the alternative, for one-half of what it may be liable for. On December 7, 1928, appellee Jetton filed an amended petition, in which he sued appellant and appellee company, and made all necessary allegations required by law in a suit on appeal from an award of the Accident Board. However, no mention was made of any award other than the one of June 14, 1928. On December 7, 1928, one of appellee Jetton's attorneys wrote the Accident Board calling attention to the award of date June 14, 1928, and stated that:

"The Federal Surety Company has made the Commercial Standard Insurance Company a party to the suit (meaning the appeal filed on July 11, 1928, in the Dallas County District Court), and in order to perfect appeal I ask the Board to enter an order in the above entitled and numbered cause, dating the same as of June 14, 1928, against both the Federal Surety Company and the Commercial Standard Insurance Company, and send us a certified copy of said award. Please render the

same award as rendered on June 14, 1928, adding only the name of the Commercial Standard Insurance Company. This is the correct procedure as held in the case of Blair v. Millers' Indemnity Underwriters (Tex. Civ. App.) 220 S. W. 787 * * *. This case cannot be sent back to the Board for the reason that the District Court has jurisdiction of one of the insurance companies, and the Board is not rendering a new award, but is correcting an award heretofore rendered."

On December 13, 1928, pursuant to the above request and without notice to appellee company, the Industrial Accident Board entered the following order:

"On this 13th day of December, A. D. 1928, upon its own motion, came on to be considered by the Industrial Accident Board review and correction of award made and entered herein under date of June 14, 1928, and the Board now finds and orders as follows:

"That said order of June 14, 1928, was in error in the particular that no disposition was made on the claim of W. A. Jetton against the Commercial Standard Insurance Company, which carried compensation insurance on the Coca Cola Bottling Company on the date of said injury, and in order to correct said error and mistake and have said order do now what it was intended it should do at the time same was made and entered, the following nunc pro tunc order ought to be and is hereby made and entered in lieu of and in substitution therefor, to-wit:

"W. A. Jetton, Employee, v. Coca Cola Bottling Company, Employer. Federal Surety Company, Insurer, and/or Commercial Standard Insurance Company, Insurer. M–31255.

"On this 14th day of June, A. D. 1928, after due notice to all parties at interest, came on to be considered by the Industrial Accident Board claim for compensation made and asserted herein by W. A. Jetton against the Federal Surety Company and Commercial Standard Insurance Company, which has not been settled by agreement between the parties, and the Board now finds and orders as follows."

The board, in its award, denied compensation, finding that appellee Jetton had not sustained an injury in the course of his employment, but that evidence showed his condition was the result of natural causes, in no way connected with or incident to his employment. No notice of appeal was served on the Accident Board within twenty days after December 13, 1928, by appellee Jetton, and no suit filed to set aside the order entered as a nunc pro tunc award under date December 13, 1928. On January 17, 1928, appellee company filed its plea to jurisdiction to appellee Jetton's second amended original petition, on the ground that it was for the first time brought into the suit on December 7, 1928; whereas, the award complained of was made on June 14, 1928, and in connection with which notice of unwillingness to abide by same and intention to appeal therefrom was alleged to have been made on June 26, 1928, and therefore suit was not instituted against it within the time required by statute. To the plea of appellant against it, appellee company filed a general demurrer and general denial.

At the close of the testimony, appellee company renewed its motion to dismiss it from the case for want of jurisdiction, which was granted, on the ground that the court did not have jurisdiction of appellee company because said company was not before the Industrial Accident Board of Texas at the time of the rendition of the final ruling and decision of said board. Appeal from this portion of the judgment was prosecuted only by appellant and is presented by the assignment of error, viz., that the court erred in dismissing appellee company for want of jurisdiction on the cross-action asserted by appellant against appellee company. Therefore, in so far as appellee company is involved in this appeal, the only question before this court is: Did the trial court have jurisdiction to award a judgment against appellee company for any sum in favor of appellant, because of the rendition of the judgment in favor of appellee Jetton against appellant?

Under the above undisputed facts, the Accident Board had no jurisdiction of and could not have rendered an award affecting appellee company in the first instance, and certainly not by the entry of a nunc pro tunc order after suit had been instituted to set aside the award of the Accident Board and without notice to appellee company of the intention of said board to make such nunc pro tunc order so as to accord to it the opportunity to appear before said board and present its objections to the making of same. Employers' Ind. Corp. v. Felter (Tex. Civ. App.) 264 S. W. 137, 139; Hood v. Texas Employers' etc., Ass'n (Tex. Civ. App.) 260 S. W. 243; Millers' Ind. Underwriters v. Hughes (Tex. Civ. App.) 256 S. W. 334, 337.

No fact is revealed by the record from which it can be drawn that, at the time the board rendered its award on appellee Jetton's claim for compensation, it had any intention of rendering any award that would in any respect apply to appellee company, or that in fact it had in mind appellee company in connection with the award it did in fact make. But let it be conceded that said board intended at the time its award was made that same should apply to appellee company; its intentions in that respect would not have rendered the award of any legal effect, as the board had no jurisdiction to do so because no claim had been asserted against appellee company.

In the case of Blair v. Millers' Indemnity Underwriters (Tex. Civ. App.) 220 S. W. 787,

788, cited by appellant in support of its proposition under discussion, all parties had notice from the board of its intention to review its prior award and the award so recited; while in the instant case the award does recite notice to all parties, the undisputed evidence shows no notice was given to appellee company until after the second award had been rendered in the form of a nunc pro tunc order. Such proceedings to review the original award without notice to the parties interested was in direct disregard of the mandatory terms of section 12d of article 8306, R. C. S. 1925, which provides that "review under this section shall be only upon notice to the parties interested." The jurisdiction attempted to be exercised by the board in making the award of December 13, 1928, was therefore not within the statute. Texas Emp. Ins. Ass'n v. Knouff (Tex. Com. App.) 7 S.W.(2d) 68. In the Blair Case, notice of injury and claim for compensation was made to the Millers' Indemnity Company.

In this case, none was made to appellee company. While the Workmen's Compensation Act should be liberally construed so as to accomplish the purpose for which it was enacted, nevertheless it has been properly held that a compliance with the statute as to giving notice of injury and making claim for compensation are mandatory and essential to the maintenance of a cause of action and without a compliance therewith a court cannot acquire jurisdiction, and that no presumption will be indulged in favor of the jurisdiction of a court or board. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1085. In the Blair Case, the new award corrected an error in the claim that had been in fact theretofore asserted before the Accident Board. In the instant case, appellee company, not theretofore before the board in any respect, was brought in and made a party to the final judgment of said board under a nunc pro tunc entry without notice of the claim or any effort to comply with the mandatory provisions of the Compensation Act. We think the following holding in the Blair Case authority against the position of appellant, viz.: "The fact that the board erroneously or inadvertently entered judgment against one not before the court does not affect the fact that it lost control of the controversy in the ordinary sense. The award, even though erroneous, was one that appellant did not wish to consent to. His only remedy was to give the notice and bring the suit."

Let it be assumed that appellee company was properly before the board June 14, 1928, and that the board intended to render an award against appellee Jetton as to said appellee; an appeal prosecuted by appellee Jetton only as against appellant would not perfect an appeal against appellee company, for the failure of appellee Jetton to prosecute appeal as against said appellee would have been but a recognition of the validity of the award of the board, denying him compensation as against appellee company. Georgia Casualty Co. v. Campbell (Tex. Civ. App.) 266 S. W. 854. Appellant's proposition under discussion is therefore overruled.

All other propositions presented have been carefully considered and, finding no error therein, are overruled.

The judgment of the trial court disposing of the matter in controversy between appellant and appellee company and between appellee company and appellee Jetton is affirmed, and the judgment in favor of appellee Jetton against appellant is reversed, and the cause remanded for further trial by said litigants.

Affirmed in part; reversed and remanded in part.

### On Appellant's Motion for Rehearing.

Appellant has pointed out several clerical errors, which, in some unaccountable way, crept into our original opinion and of which proper correction has been made therein, viz.: (a) On page 537 we are made to say, "Appellant and its subscriber, the bottling company, made a report in writing to the Industrial Accident Board of the issuance of policy TX–5462," when the finding was made and should have been stated as follows, "Appellant, as to its subscriber, the bottling company, made a report in writing to the Industrial Accident Board of the issuance of policy TX–5462"; (b) it is erroneously stated that, "Appellee Jetton gave appellant timely notice to produce the original policy No. TX–5462," when the finding was and should have been stated as follows, "Appellant Jetton gave appellant timely notice to produce the original policy No. TX–5462, or a certified copy thereof"; (c) on page 538 the name of the witness therein stated as "Patillo" should be "Parsons"; (d) on page 538 in the first line appellant is referred to as "Fidelity Surety Company," instead of "Federal Surety Company," its correct corporate name; (e) on page 539 the word "inability" is used in the last line of the second paragraph, when the same should have been "disability."

With the above corrections made, said motion is in all other respects overruled.

Overruled.

### On Appellee Jetton's Motion for Rehearing.

Appellee Jetton, in his motion for rehearing, states that this court "erred in holding and finding as a fact that appellee Jetton made appellee Commercial Standard Insurance Company a party defendant in this suit, in that, said finding is contrary to the record in this cause."

To acquit this court of the above charge of inaccuracy, we think the following state-

544

ment from the record sufficient: On December 7, 1928, appellee Jetton filed his second amended original petition making appellee Commercial Standard Insurance Company a party defendant to the cause of action theretofore alleged by him against appellant, the prayer to said amended petition being in part as follows: "Premises considered, plaintiffs pray (the defendant, Federal Surety Company, filed its answer herein) that citation issue in terms of law for the defendant, Commercial Standard Insurance Company, that it be required to file its answer herein and upon final trial hereof plaintiffs have judgment against the defendants, Federal Surety Company and Commercial Standard Insurance Company each, jointly and severally, etc."

In our opinion the following statement is made: "Appellant impleaded appellee Commercial Standard Insurance Company, whereupon appellee Jetton, by amended petition, sought recovery against both appellant and appellee Commercial Standard Insurance Company, as joint insurers of the Coca Cola Bottling Company, under the Compensation Act, * * * alleged the status of the bottling company as an employer of labor and a subscriber under the Compensation Act, through policies issued by appellant and appellee company, * * * the making of an award by the board on June 14, 1928, notice of appeal June 26, 1928, * * * and prayed for judgment against appellant and appellee company for 401 weeks' compensation." From this record there can be but one conclusion, viz., that appellee Jetton did make appellee Commercial Standard Insurance Company a party defendant to the suit as originally brought and by amendment sought to be maintained by him. The erroneous reference to appellee Federal Surety Company as the Fidelity Surety Company, in the opinion of this court, has been corrected so as to read Federal Surety Company.

The careful study given this motion has failed to reveal any reason why the disposition made of this appeal thereof should be disturbed; therefore said motion is overruled.

Overruled.