**BLAIR v. MILLERS' INDEMNITY UNDER-WRITERS. (No. 8342.)**

(Court of Civil Appeals of Texas. Dallas. Feb. 28, 1920. Rehearing Denied April 17, 1920.)

1. **Master and servant** &#8734;416 — **Industrial Board has inherent power to correct errors in entry of its awards.**

The Industrial Accident Board, though not expressly authorized to correct its awards except as provided in Vernon's Ann. Civ. St. Supp. 1918, art. 5246—25, permitting review for purpose of readjusting compensation, has inherent power to correct errors, inadvertences, and mistakes in the entry of its awards; but such authority must be exercised in harmony with provisions of the Workmen's Compensation Act, giving the courts jurisdiction to set aside awards.

2. **Master and servant** &#8734;417(1)—**Compensation claimant has only statutory remedy when dissatisfied with award.**

Where the Industrial Board's award, though erroneously entered against one who was not a party, was one that claimant did not wish to consent to his only remedy was to give notice of dissatisfaction and bring suit under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44, to set it aside.

3. **Master and servant** &#8734;417(4½)—**Industrial Board may correct clerical error in award after transfer of controversy to court.**

The transfer of the controversy to the court by bringing suit under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44, to set aside an award of compensation does not affect the Industrial Board's right to correct clerical errors either of omission or commission when such errors are manifest from the record of the proceedings, in the same manner that judicial tribunals correct their judgments by appropriate nunc pro tunc orders.

4. **Master and servant** &#8734;417(4½)—**Notice of rejection of award erroneously entered sufficient notwithstanding subsequent correction of error.**

Where compensation claimant gave notice of refusal to accept award and brought suit under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44, to set it aside, the notice was sufficient for the purpose of suit, though the Industrial Board thereafter changed the award so as to make it run against the insurer who was a party to the proceeding, instead of against a stranger, since the subsequent entry was merely to correct an error of commission, and related back and became effective as of date on which the original award was entered.

Appeal from Dallas County Court; W. F. Thornton, Judge.

Suit by Will Blair against the Millers' Indemnity Underwriters. Judgment of dismissal, and plaintiff appeals. Reversed and remanded, with directions.

John White and M. M. Parks, both of Dallas, for appellant.
Harry P. Lawther, of Dallas, for appellee.

RASBURY, J. This is an appeal from the judgment of the court below sustaining appellee's plea in bar challenging appellant's right, as plaintiff below, to maintain the suit.

The facts disclosed by appellant's petition, and found by the court and necessary to a determination of the issues presented on appeal, are briefly these: Appellant, an employé of Planters' Cotton Oil Company, while in the performance of his duties as laborer, received serious injuries to the second finger of his right hand. At the time of the injury, appellant's employer was a subscriber to the insurance association created by the act commonly known as the Workmen's Compensation Law, and held a policy of insurance issued by Millers' Indemnity Underwriters, indemnifying it against damages for personal injuries to its employés under the provisions and regulations of that law. Within the time required by the act, appellant gave notice of his injury to his employer and the Millers' Indemnity Underwriters and filed claim with the Industrial Accident Board, also created by said act, for 43 weeks' disability, amount-

ing to $483.75. On November 21, 1918, after a hearing upon the pleading and evidence of appellant, the Millers' Indemnity Underwriters and the Planters' Cotton Oil Company, the board rendered an award in favor of appellant against the Ocean Accident & Guaranty Corporation, Limited, notwithstanding the only parties to the proceeding were. appellant, Millers' Indemnity Underwriters, and Planters' Cotton Oil Company. Within the time required by the act and on November 23, 1918, appellant gave written notice to the board, the Millers' Indemnity Underwriters, and the Planters' Cotton Oil Company that he would not accept the award of the board, and on November 26, 1918, filed suit in the county court of Dallas county at law, to set aside the award, on the ground that it was contrary to law and the evidence adduced at the hearing. Pending such suit, and on December 4, 1918, the board amended or corrected the award of November 21, 1918, reciting among other matters that—

"After due notice to all parties at interest came on to (be) reviewed, on its own motion by the Industrial Accident Board, the order entered in this cause as of November 21, 1918, and it appearing to the board that error had been committed in said order, the said order is hereby set aside. * * *"

The board then proceeded to render the same award in favor of appellant as against the Millers' Indemnity Underwriters that it rendered against the Ocean Accident & Guaranty Corporation, Limited, by the former award. Appellant gave no notice to the board, the Millers' Indemnity Underwriters, or the Planters' Cotton Oil Company that he would not accept the award last rendered. Neither did he deny in his pleading or adduce testimony disproving the recitation in the last decree of the board that notice was given him of the correction of the original award.

The Workmen's Compensation Law provides, among various other matters, in substance, that employés whose claims are properly cognizable before the board constituted to hear and determine same are bound by the award made by the board, unless such employés shall, within 20 days after final decision of the board, give notice to the adverse party and the board that they do not consent thereto, and shall, within 20 days after such notice, bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside the board's award; upon bringing of which suit the board shall proceed no further toward adjusting the claim. Article 5246—44, Vernon's 1918 Supp. Civ. & Crim. Stats. As we have shown by our statement of the facts, appellant did, after the first award, give the notice and file the suit, contemplated by the statute. Subsequently, however, and after notice to appellant and while said suit was pending, the board changed the award so as to make it run against the Millers' Indemnity Underwriters. The honorable trial judge was of opinion that it was necessary for appellee to give notice of his refusal to abide by the award after it was changed and to file suit to set it aside. The evidence showing without dispute that the notice had not been given, the court, as a consequence, sustained the plea in bar and entered judgment final for appellee.

[1-4] The court's action in the respect stated is the issue for determination. The act contains scant provisions relating to procedure and does not in express terms confer upon the board authority even to correct or amend its awards, save in article 5246—25, Id., which permits a review, in case of changed conditions, mistake, or fraud, for the purpose of effecting a readjustment in the compensation allowed. We are persuaded, however, that the board possesses the inherent power to correct errors, in advertences, or mistakes in the entry of its awards, That authority, however, must obviously be exercised in harmony with those provisions of the act which give the courts of the state jurisdiction to set aside the awards of the board. By the provisions of the act, as we have shown, an employé who does not consent to the award of the board has 20 days within which to give notice of his refusal to accept the award, and 20 days thereafter within which to bring the suit. He may, of course, give the notice and bring the suit in as much less time as it may be accomplished. The facts here show that appellant had given the notice and brought the suit on November 26, 1918. By the express provisions of article 5246—44, supra, when the suit was brought the board was without authority to proceed any further toward adjustment of the claim. The provision is plain and not subject to construction. When the suit is brought, the controversy is automatically transferred to another tribunal. It marks the surrender by the board of further control in the matter in the same manner that the filing of an appeal bond, etc., marks the end of trial court's jurisdiction in the ordinary suits at law. The fact that the board erroneously or inadvertently entered judgment against one not before the court does not affect the fact that it lost control of the controversy in the ordinary sense. The award, even though erroneous, was one that appellant did not wish to consent to. His only remedy was to give the notice and bring the suit. The act does not confer upon one not satisfied with the award the right even to request a new hearing, and as a consequence there is no duty to call the board's attention to manifest errors. Whatever is done, he can attack it only in the manner provided. Such provision of the act would not, however, in our opinion, affect the right of the board,

even after the controversy has been transferred to the court of competent jurisdiction contemplated by the act, to correct clerical errors either of omission or commission, when such errors are manifest from the record of the proceedings, in the same manner that judicial tribunals correct their judgments by appropriate nunc pro tunc orders. So believing, we conclude that appellant was under no duty to give notice to the board or the insurer that he would not be bound by the award entered December 4, 1918.

In such connection, we are further of opinion that the award of December 4, 1918, was in effect the correction of an error of commission by the board and should be regarded as a nunc pro tunc order and have effect retroactively or as of November 21, 1918, the date of the original or first award. We believe the facts recited will justify that conclusion even in the absence of any affirmative declaration by the board that it was so intended. As we have recited, the pleadings and the court's findings show that appellant's claim was against the Millers' Indemnity Underwriters, alleged to have insured appellant's employer, Planters' Cotton Oil Company, a subscriber to the insurance association, against loss, according to the provisions of the Workmen's Compensation Law, on account of injuries to its employés. The only parties who appeared before the board and participated in the hearing were appellant, his employer, and the Millers' Indemnity Underwriters. The award, however, was against Ocean Accident & Guaranty Corporation, Limited. The order of December 4, 1918, recites that the first order was erroneous, and, while it does not recite the error, it obviously was clerical, since the precise difference in the two awards is that by the last entry the name of the company issuing the policy to the employer, the Millers' Indemnity Underwriters, was substituted for the name of one that none of thé parties asserted was liable in any respect, and was not even a party to the proceeding. The result of the entry, whatever it may be designated, was to correct an error of commission, and was in effect to make appear of record on that date what the court had actually done on November 21, 1918. So believing, we hold that the giving of notice of refusal to consent to the last award was not necessary for the reason that the last entry related back and became effective as of November 21, 1918, and hence was effected by the first notice.

For the reasons stated, the judgment will be reversed, and the cause remanded for another trial not inconsistent with the views herein expressed.