**ATLAS CAPITAL CORPORATION, Amir Virani and Fairmont Investments, Inc., Appellants,**

**v.**

**Altaf VIRANI, Appellee.**

No. 06–98–00173–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 27, 1999.

Decided Aug. 13, 1999.

David Carroll Mattka, Munsch, Hardt, Kopf & Harr, P.C., Dallas, for appellant.

Coyt Randal Johnston, Robert L. Tobey, Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Atlas Capital Corporation, Amir Virani, and Fairmont Investments, Inc. appeal from an order effecting an offset in money judgments between the appellants and appellee.

This case involves a post-judgment remedy order and not the original judgment.

The signed settlement agreement contained the following language:

> 5. At closing, Plaintiffs will cause one of them or their designee to pay Altaf of [sic] his designee $500,000.00 in cash or immediately available funds as fees which shall be deductible by payor and to the extent possible in a manner that provides tax relief to payee. At closing, Altaf will cause $500,000.00 in cash or immediately available funds to be transferred to Plaintiffs or their designee.

On August 4, 1994, the parties met, signed the agreement, and executed documents—including one to dismiss the lawsuit. On February 17, 1995, the trial judge entered a judgment which includes the following language:

1. The Motion to Enforce Rule 11 Agreement of Defendant, Altaf Virani, is **GRANTED** and Plaintiffs are ordered to pay Altaf Virani the sum of $500,-000.00 (U.S.dollars) and Altaf Virani is ordered to pay Plaintiffs, or their designee $500,000.00 (U.S.Dollars).

2. The checks are to be exchanged in the 160th District Court of Dallas County, Texas on or before 5:00 o'clock p.m. on February 27, 1995, unless the parties agree to another place and time.

3. Altaf Virani is awarded reasonable attorneys' fees of $4,000.00 for the filing and presentation of his Motion to Enforce Rule 11 Agreement, and conditional awards of attorneys' fees of $4,000.00 for an appeal to the Court of Appeals, $1,750.00 if an application for writ of error is filed with the Texas Supreme Court, and an additional award of $1500.00 if the application for writ of error is granted by the Texas Supreme Court.

Amir then attempted to undo the agreement through direct appeals. He lost. During the course of the appeals, Amir appeared before the trial court and attempted to require performance by Altaf through tender of a check, while Amir claimed that his posting of a supersedeas bond was sufficient to meet his requirement to make tender. Altaf did not agree. Because of Altaf's failure to provide a check at that time, Amir then attempted to have him held in contempt by the Dallas Court of Appeals. It declined to do so. Amir then attempted to require Altaf to unilaterally perform. The trial court refused to order such. Amir then sought relief through mandamus, asking the Dallas Court of Appeals to order the trial court to compel performance. The court promptly denied the motion. The Texas Supreme Court did likewise.

After these proceedings, Altaf Virani filed a motion for payment of judgment by a supersedeas bond and application for turnover.[1] Although the judgment pursuant to the agreement orders the parties to meet and exchange money, the underlying suit is based upon indebtedness. Thus, the command language in the original order of actually meeting and exchanging money is not enforceable as an injunction, but only as a debt. As the court held in *Ex parte Hall,* failure to comply with an order to pay a debt is not contempt punishable by imprisonment, but is enforceable through such legal processes as execution or attachment of property. *Ex parte Hall,* 854 S.W.2d 656 (Tex.1993).

The order now before this Court for review denies Altaf's request to compel performance of the judgment and grants the motion for release of supersedeas bond upon proof of payment of the $9,750 attorneys' fees.

Although it is not specifically stated in the order, the court recognized that money is a fungible item and that a debt established by judgment can offset another debt. *See Citizens Industrial Bank of Austin v. Oppenheim,* 118 S.W.2d 820 (Tex.Civ.App.-Austin 1938, writ dism'd). We agree with the trial court's ruling that the $500,000 awarded to each party offsets.

This leaves the amount of $9,750 in attorneys' fees to be paid. This can be collected from the supersedeas bond or from any other assets belonging to the party against whom judgment has been rendered that are subject to execution for debt under the laws of the State of Texas. The trial court correctly held that the supersedeas bond would be released upon payment of this sum, this being the only indebtedness remaining.

The order of the trial court is affirmed.

---

1. The failure of the court to enter a turnover order on the unpaid attorneys' fees was not raised on appeal.