**Lynn McGATLIN, Appellant,**

v.

**HARTFORD INSURANCE COMPANY OF TEXAS, Appellee.**

No. 06–01–00170–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 7, 2002.

Decided Dec. 10, 2002.

Lynn McGatlin, pro se.

David L. Brenner, Amanda Lewis, Burns, Anderson, Jury & Brenner, LLP, Austin, for appellee.

Before MORRISS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

This is a worker's compensation case. Lynn McGatlin has filed an appeal pro se from the trial court's judgment dismissing her case for lack of subject matter jurisdiction.

McGatlin originally pursued her administrative remedies with the Texas Workers' Compensation Commission (TWCC). Both McGatlin and Hartford Insurance Company of Texas appealed the decision of the TWCC hearing officer, but on December 10, 1999, the TWCC appeals panel affirmed the hearing officer's decision. The appeals panel's decision contained this finding: "Carrier timely responded to claimant's appeal but claimant did not timely reply to carrier's appeal."

McGatlin filed a request for the appeals panel to reconsider its determination that she did not timely respond to Hartford's appeal. Before the appeals panel ruled on her motion to reconsider, McGatlin filed a suit in district court for judicial review of the December 10, 1999, decision. On February 1, 2000, the appeals panel granted McGatlin's request for reconsideration and issued a new opinion that held McGatlin's response to Hartford's appeal was timely, but otherwise affirmed their earlier decision. McGatlin did not file a petition for judicial review of the February 1, 2000, decision.

In the suit for judicial review of the December 10, 1999, decision, Hartford contended the trial court had no jurisdiction because the February 1, 2000, decision was the final decision of the appeals panel. Therefore, Hartford argued, the December 10, 1999, decision was not appealable. The trial court agreed it did not have jurisdiction to hear McGatlin's request for judicial review and dismissed for lack of jurisdiction.

McGatlin raises two issues in her appeal: (1) whether the trial court erred in determining that the Administrative Procedure Act, which allows for rehearing in some state agency contexts, applies to cases before the TWCC, and (2) whether the trial court erred in determining that it had no jurisdiction. We sustain McGatlin's contentions and reverse the trial court's judgment.

Whether a trial court has subject matter jurisdiction is a legal question that is reviewed de novo. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998). Subject matter jurisdiction is never presumed and cannot be waived. *Cont'l Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 448 (Tex.1996). In a worker's compensation case, judicial review is only available to a party who has obtained a final decision from the TWCC appeals panel. TEX. LAB.CODE ANN. § 410.251 (Vernon 1996). In this case, the parties disagree as to whether the final decision from the TWCC appeals panel was the December 10, 1999, decision or the February 1, 2000, decision. McGatlin only petitioned for judicial review from the December 10, 1999, decision.

McGatlin correctly points out that administrative agencies are created by statute and have no inherent authority. *Pub. Util. Comm'n v. GTE–Southwest, Inc.,* 901 S.W.2d 401, 406 (Tex.1995). Agencies may only exercise those specific powers that the law confers in clear and express language; however, an agency may also exercise powers necessarily implied from the statutory authority granted or the duties expressly given or imposed. *Id.* at 407.

Chapter 410 of the Texas Workers' Compensation Act, which governs the adjudication of disputes under the Act, does not expressly permit or prohibit a motion for rehearing of a decision of the TWCC appeals panel. Because it does not expressly permit such motions, McGatlin contends the TWCC had no power to consider her motion for reconsideration. Accordingly, McGatlin concludes the TWCC had no power to issue the February 1, 2000, decision, which, in turn, makes the December 10, 1999, decision the final decision, and one that can be appealed. McGatlin admits it was her motion for reconsideration that caused the appeals panel to issue its second decision. However, she argues that her motion for reconsideration could not create any new power in the appeals panel, which is not statutorily authorized to hear a motion for reconsideration.

Hartford, on the other hand, analogizes the procedure for filing a motion for rehearing with the TWCC to filing a motion for rehearing with an appellate court. If a party is dissatisfied with the decision of an appellate court, that party is not required to file a motion for rehearing as a prerequisite to filing a petition for review with the Texas Supreme Court; however, the party may file a motion for rehearing with the appellate court. TEX.R.APP. P. 49.1, 49.9. Hartford acknowledges McGatlin was not required to file the motion for rehearing as a prerequisite to seeking judicial review. Hartford contends, however, that just as a substitute opinion of an appellate court, rendered on a motion for rehearing, replaces that court's earlier opinion, so did the February 1, 2000, decision of the appeals panel replace the December 10, 1999, decision.

Hartford also emphasizes that, even though the Texas Workers' Compensation Act does not specifically allow for rehearings, the Administrative Procedure Act provides for motions for rehearing in Sections 2001.144–146. *See* TEX. GOV'T CODE ANN. §§ 2001.144–.146 (Vernon 2000). However, as McGatlin correctly points out,

these sections are in Subchapter F of that Act and are specifically excluded from the Workers' Compensation Act under Section 410.153. *See* TEX. LAB.CODE ANN. § 410.153 (Vernon 1996).[1] Rehearings before an appellate court, on the other hand, are specifically authorized by TEX.R.APP. P. 49.1. Therefore, Hartford's analogy of a rehearing before the TWCC appeals panel to a rehearing before an appellate court is flawed.

Hartford also contends that a motion for rehearing is a procedural device that is generally recognized and available at the state administrative level; therefore, it should be available to a claimant before the TWCC. If Hartford is correct, then the February 1, 2000, decision is the only final and appealable order and the trial court did not have jurisdiction to review the December 10, 1999, decision.

The legislative history of the Workers' Compensation Act supports McGatlin's position. In 1989, the Legislature repealed the Workers' Compensation Act and enacted a new one, effective January 1, 1991. Under the old law, an appeals panel had the statutory power to change or revoke its order denying compensation within twelve months after the order was entered. TEX.REV.CIV. STAT. ANN. art. 8306, § 12(d) (Vernon 1967), *repealed by* Act of Nov. 29, 1989, 71st Leg., 2nd C.S., ch. 1,

§ 16.01(7)-(9) 1989 Tex. Gen. Laws 1, 114.[2] However, the current Workers' Compensation Act does not specifically grant such authority to the appeals panel; instead, it gives the appeals panel power only to revise a decision for clerical error. TEX. LAB.CODE ANN. § 410.206 (Vernon 1996).

■ The primary rule in statutory interpretation is that a court must give effect to legislative intent, considering the language of the statute, as well as its legislative history, the objective sought, and the consequences that would flow from alternative constructions. *Crown Life Ins. Co. v. Casteel,* 22 S.W.3d 378, 383 (Tex. 2000). The current law does not give the appeals panel the power to do any more than correct clerical errors after issuing a decision. In light of the changes to the Workers' Compensation Act in this particular area, it seems the Legislature's intent was to restrict the appeals panel's power to change its decisions.

In *Blair,* the Industrial Accident Board (predecessor to the TWCC) entered an award in favor of the claimant November 21, but mistakenly issued the award against the wrong insurance company. *Blair v. Millers' Indem. Underwriters,* 220 S.W. 787, 788 (Tex.Civ.App.-Dallas 1920, no writ). The claimant did not accept the award and filed suit November 26. *Id.* On December 4, the board corrected its cleri-

---

1. TEX. LAB.CODE ANN. § 410.153 (Vernon 1996) provides in pertinent part as follows:

Chapter 2001, Government Code [Administrative Procedure Act], applies to a contested case hearing to the extent that the commission finds appropriate, except that the following do not apply:
. . . .
(4) [Subchapter] F. . . .

2. Section 12(d) provided as follows:

Upon its own motion or upon the application of any person interested showing a change of condition, mistake or fraud, the

Board at any time within the compensation period, may review any award or order, ending, diminishing or increasing compensation previously awarded, within the maximum and minimum provided in this Law, or change or revoke its previous order denying compensation, sending immediately to the parties a copy of its subsequent order or award. Provided, when such previous order has denied compensation, application to review same shall be made to the Board within twelve months after its entry, and not afterward. Review under this Section shall be only upon notice to the parties interested.

cal mistake and entered the name of the correct insurance company. *Id.* No other changes were made to the award. *Id.* The Dallas court stated:

> We are persuaded ... that the board possesses the inherent power to correct errors, in advertences [sic], or mistakes in the entry of its awards, [sic] That authority, however, must obviously be exercised in harmony with those provisions of the act which give the courts of the state jurisdiction to set aside the awards of the board.

*Id.* Then, the court said:

> [W]hen the suit was brought the board was without authority to proceed any further toward adjustment of the claim.... When the suit is brought, the controversy is automatically transferred to another tribunal. It marks the surrender by the board of further control in the matter .... The fact that the board erroneously or inadvertently entered judgment against one not before the court does not affect the fact that it lost control of the controversy in the ordinary sense.

*Id.*

Following this discussion, however, the court in *Blair* ultimately concluded the award of December 4 was a correction of an error by the board and "should be regarded as a nunc pro tunc order and have effect retroactively" to the date of the original or first award, November 21. *Id.* at 789.

We find the *Blair* decision instructive in this case. As stated earlier, Section 410.206 of the Texas Labor Code authorizes the appeals panel to revise a decision in a contested case hearing to correct clerical errors. The February 1, 2000, appeals panel decision stated as follows, "Upon reconsideration, claimant's response to carrier's appeal will be considered as if it were timely, but the decision of the hear-

ing officer is still affirmed just as it was in Appeal No. 992425 [the December 10, 1999, decision]." In effect, the February 1, 2000, decision corrected a clerical mistake only; therefore, as in the *Blair* case, the second decision was retroactive to the December 10, 1999, decision and was only nunc pro tunc.

Considering all of the above, including the legislative history of the Workers' Compensation Act, as well as the *Blair* opinion, we conclude that McGatlin properly appealed the December 10 decision and that the trial court erred in dismissing her case for lack of subject matter jurisdiction.

We reverse the judgment and remand for further proceedings.