In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00170-CV


______________________________




LYNN McGATLIN, Appellant



V.



HARTFORD INSURANCE COMPANY OF TEXAS, Appellee




 


On Appeal from the 76th-276th Judicial District Court


Titus County, Texas


Trial Court No. 28,442



 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 This is a worker's compensation case. Lynn McGatlin has filed an appeal pro se
from the trial court's judgment dismissing her case for lack of subject matter jurisdiction. 
 McGatlin originally pursued her administrative remedies with the Texas Workers'
Compensation Commission (TWCC). Both McGatlin and Hartford Insurance Company
of Texas appealed the decision of the TWCC hearing officer, but on December 10, 1999,
the TWCC appeals panel affirmed the hearing officer's decision. The appeals panel's
decision contained this finding: "Carrier timely responded to claimant's appeal but claimant
did not timely reply to carrier's appeal." 

 McGatlin filed a request for the appeals panel to reconsider its determination that
she did not timely respond to Hartford's appeal. Before the appeals panel ruled on her
motion to reconsider, McGatlin filed a suit in district court for judicial review of the
December 10, 1999, decision. On February 1, 2000, the appeals panel granted McGatlin's
request for reconsideration and issued a new opinion that held McGatlin's response to
Hartford's appeal was timely, but otherwise affirmed their earlier decision. McGatlin did not
file a petition for judicial review of the February 1, 2000, decision. 

 In the suit for judicial review of the December 10, 1999, decision, Hartford
contended the trial court had no jurisdiction because the February 1, 2000, decision was
the final decision of the appeals panel. Therefore, Hartford argued, the December 10,
1999, decision was not appealable. The trial court agreed it did not have jurisdiction to
hear McGatlin's request for judicial review and dismissed for lack of jurisdiction. 

 McGatlin raises two issues in her appeal: (1) whether the trial court erred in
determining that the Administrative Procedure Act, which allows for rehearing in some state
agency contexts, applies to cases before the TWCC, and (2) whether the trial court erred
in determining that it had no jurisdiction. We sustain McGatlin's contentions and reverse
the trial court's judgment. 

 Whether a trial court has subject matter jurisdiction is a legal question that is
reviewed de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 
Subject matter jurisdiction is never presumed and cannot be waived. Cont'l Coffee Prods.
Co. v. Cazarez, 937 S.W.2d 444, 448 (Tex. 1996). In a worker's compensation case,
judicial review is only available to a party who has obtained a final decision from the TWCC
appeals panel. Tex. Lab. Code Ann. § 410.251 (Vernon 1996). In this case, the parties
disagree as to whether the final decision from the TWCC appeals panel was the
December 10, 1999, decision or the February 1, 2000, decision. McGatlin only petitioned
for judicial review from the December 10, 1999, decision. 

 McGatlin correctly points out that administrative agencies are created by statute and
have no inherent authority. Pub. Util. Comm'n v. GTE-Southwest, Inc., 901 S.W.2d 401,
406 (Tex. 1995). Agencies may only exercise those specific powers that the law confers
in clear and express language; however, an agency may also exercise powers necessarily
implied from the statutory authority granted or the duties expressly given or imposed. Id.
at 407. 

 Chapter 410 of the Texas Workers' Compensation Act, which governs the
adjudication of disputes under the Act, does not expressly permit or prohibit a motion for
rehearing of a decision of the TWCC appeals panel. Because it does not expressly permit
such motions, McGatlin contends the TWCC had no power to consider her motion for
reconsideration. Accordingly, McGatlin concludes the TWCC had no power to issue the
February 1, 2000, decision, which, in turn, makes the December 10, 1999, decision the
final decision, and one that can be appealed. McGatlin admits it was her motion for
reconsideration that caused the appeals panel to issue its second decision. However, she
argues that her motion for reconsideration could not create any new power in the appeals
panel, which is not statutorily authorized to hear a motion for reconsideration. 

 Hartford, on the other hand, analogizes the procedure for filing a motion for
rehearing with the TWCC to filing a motion for rehearing with an appellate court. If a party
is dissatisfied with the decision of an appellate court, that party is not required to file a
motion for rehearing as a prerequisite to filing a petition for review with the Texas Supreme
Court; however, the party may file a motion for rehearing with the appellate court. Tex. R.
App. P. 49.1, 49.9. Hartford acknowledges McGatlin was not required to file the motion for
rehearing as a prerequisite to seeking judicial review. Hartford contends, however, that just
as a substitute opinion of an appellate court, rendered on a motion for rehearing, replaces
that court's earlier opinion, so did the February 1, 2000, decision of the appeals panel
replace the December 10, 1999, decision. 

 Hartford also emphasizes that, even though the Texas Workers' Compensation Act
does not specifically allow for rehearings, the Administrative Procedure Act provides for
motions for rehearing in Sections 2001.144 -146. See Tex. Gov't Code Ann. §§ 2001.144-.146 (Vernon 2000). However, as McGatlin correctly points out, these sections are in
Subchapter F of that Act and are specifically excluded from the Workers' Compensation
Act under Section 410.153. See Tex. Lab. Code Ann. § 410.153 (Vernon 1996). (1) 
Rehearings before an appellate court, on the other hand, are specifically authorized by
Tex. R. App. P. 49.1. Therefore, Hartford's analogy of a rehearing before the TWCC
appeals panel to a rehearing before an appellate court is flawed. 

 Hartford also contends that a motion for rehearing is a procedural device that is
generally recognized and available at the state administrative level; therefore, it should be
available to a claimant before the TWCC. If Hartford is correct, then the February 1, 2000,
decision is the only final and appealable order and the trial court did not have jurisdiction
to review the December 10, 1999, decision.

 The legislative history of the Workers' Compensation Act supports McGatlin's
position. In 1989, the Legislature repealed the Workers' Compensation Act and enacted
a new one, effective January 1, 1991. Under the old law, an appeals panel had the
statutory power to change or revoke its order denying compensation within twelve months
after the order was entered. Tex. Rev. Civ. Stat. Ann. art. 8306, § 12(d) (Vernon 1967),
repealed by Act of Nov. 29, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7)-(9) 1989 Tex. Gen.
Laws 1, 114. (2) However, the current Workers' Compensation Act does not specifically
grant such authority to the appeals panel; instead, it gives the appeals panel power only
to revise a decision for clerical error. Tex. Lab. Code Ann. § 410.206 (Vernon 1996). 

 The primary rule in statutory interpretation is that a court must give effect to
legislative intent, considering the language of the statute, as well as its legislative history,
the objective sought, and the consequences that would flow from alternative constructions. 
Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378, 383 (Tex. 2000). The current law does not
give the appeals panel the power to do any more than correct clerical errors after issuing
a decision. In light of the changes to the Workers' Compensation Act in this particular
area, it seems the Legislature's intent was to restrict the appeals panel's power to change
its decisions.


 In Blair, the Industrial Accident Board (predecessor to the TWCC) entered an award
in favor of the claimant November 21, but mistakenly issued the award against the wrong
insurance company. Blair v. Millers' Indem. Underwriters, 220 S.W. 787, 788 (Tex. Civ.
App.-Dallas 1920, no writ). The claimant did not accept the award and filed suit
November 26. Id. On December 4, the board corrected its clerical mistake and entered
the name of the correct insurance company. Id. No other changes were made to the
award. Id. The Dallas court stated:

 We are persuaded . . . that the board possesses the inherent power to
correct errors, in advertences [sic], or mistakes in the entry of its awards, [sic]
That authority, however, must obviously be exercised in harmony with those
provisions of the act which give the courts of the state jurisdiction to set aside
the awards of the board. 


Id. Then, the court said: 

 [W]hen the suit was brought the board was without authority to proceed any
further toward adjustment of the claim. . . . When the suit is brought, the
controversy is automatically transferred to another tribunal. It marks the
surrender by the board of further control in the matter . . . . The fact that the
board erroneously or inadvertently entered judgment against one not before
the court does not affect the fact that it lost control of the controversy in the
ordinary sense. 


Id. 


 Following this discussion, however, the court in Blair ultimately concluded the award
of December 4 was a correction of an error by the board and "should be regarded as a
nunc pro tunc order and have effect retroactively" to the date of the original or first award,
November 21. Id. at 789. 

 We find the Blair decision instructive in this case. As stated earlier, Section 410.206
of the Texas Labor Code authorizes the appeals panel to revise a decision in a contested
case hearing to correct clerical errors. The February 1, 2000, appeals panel decision
stated as follows, "Upon reconsideration, claimant's response to carrier's appeal will be
considered as if it were timely, but the decision of the hearing officer is still affirmed just as
it was in Appeal No. 992425 [the December 10, 1999, decision]." In effect, the February 1,
2000, decision corrected a clerical mistake only; therefore, as in the Blair case, the second
decision was retroactive to the December 10, 1999, decision and was only nunc pro tunc. 

 Considering all of the above, including the legislative history of the Workers'
Compensation Act, as well as the Blair opinion, we conclude that McGatlin properly
appealed the December 10 decision and that the trial court erred in dismissing her case
for lack of subject matter jurisdiction.


 We reverse the judgment and remand for further proceedings.



 Donald R. Ross

 Justice


Date Submitted: November 7, 2002

Date Decided: December 10, 2002


Publish

1. Tex. Lab. Code Ann. § 410.153 (Vernon 1996) provides in pertinent part as follows:


 Chapter 2001, Government Code [Administrative Procedure Act], applies to
a contested case hearing to the extent that the commission finds
appropriate, except that the following do not apply:


 . . . .


 (4) [Subchapter] F . . . .
2. Section 12(d) provided as follows:


 Upon its own motion or upon the application of any person interested
showing a change of condition, mistake or fraud, the Board at any time within
the compensation period, may review any award or order, ending,
diminishing or increasing compensation previously awarded, within the
maximum and minimum provided in this Law, or change or revoke its
previous order denying compensation, sending immediately to the parties a
copy of its subsequent order or award. Provided, when such previous order
has denied compensation, application to review same shall be made to the
Board within twelve months after its entry, and not afterward. Review under
this Section shall be only upon notice to the parties interested.


., 204 S.W.3d 484, 496
(Tex. App.--Beaumont 2006, pet. denied); Atlas Capital Corp. v. Virani, 1 S.W.3d 254, 255 (Tex.
App.--Texarkana 1999, no pet.). 

 Next, Aurora seeks for this Court to award it the $10,000.00 appeal bond without showing
us the authority under which it could be done or adequate briefing to justify it. An action in a
forcible detainer proceeding is a special proceeding governed under particular rules and statutes. 
Haginas v. Malbis Mem'l Found., 163 Tex. 274, 354 S.W.2d 368, 371 (1962). An appeal bond,
which is filed in the justice court, guarantees that an appellant will prosecute his appeal in the county
court with effect or pay all costs and damages which may be adjudged against him. Tex. R. Civ. P.
749. Because Gerald prosecuted his appeal with the county court at law (albeit unsuccessfully and
rather speciously), and the supersedeas bond will cover Aurora if Gerald fails to execute performance
of the judgment, Aurora is not entitled to the $10,000.00 appeal bond filed with the justice court as
liquidated damages.

 Finally, Aurora asks this Court to award it attorney's fees and costs under Section 24.006 of
the Texas Property Code. Rule 752 of the Texas Rules of Civil Procedure states, "[o]n the trial of
the cause in the county court," Aurora "shall be permitted to plead, prove and recover" damages
which "may include . . . reasonable attorney fees in the justice court and county courts provided, as
to attorney fees, that the requirements of Section 24.006 of the Texas Property Code have been met." 
Tex. R. Civ. P. 752; see Volume Millwork, Inc. v. W. Houston Airport Corp., 218 S.W.3d 722, 732
(Tex. App.--Houston [1st Dist.] 2006, pet. denied). Section 24.006 sets out the procedure and proof
required to obtain attorney's fees and costs. 

 We may review an award of attorney's fees and/or costs, or the lack thereof, for an abuse of
discretion. Lugo v. Herrera, No. 03-08-00215-CV, 2008 WL 4823163, at *3 (Tex. App.--Austin
Nov. 7, 2008, no pet.) (mem. op.). However, neither the justice court nor the county court at law
awarded attorney's fees or costs to Aurora; further, the record we have indicates that Aurora did not
offer proof at the trial court level regarding reasonable and necessary fees or the costs incurred by
Aurora. Aurora has not provided (and we do not find) any authority permitting us to enter an award
of attorney's fees of this type where this matter was not considered first by the trial court. 
Accordingly, we deny an award of attorney's fees to Aurora. 

II. Conclusion

 As stated above, the appeal as to Lee is dismissed because the appeal was filed without her
authority or her knowledge. We conclude both that Gerald failed to preserve error on his sole ground
for appeal and that Gerald's appeal was meritless and frivolous; accordingly, we deny Gerald's point
of error. It is therefore ordered, adjudged, and decreed that Gerald pay to Aurora the sum of
$7,500.00 as just damages for the filing of this frivolous appeal. We also render judgment against
the surety on Gerald's supersedeas bond for performance of the judgment, sanctions assessed herein,
and appellate costs taxed against Gerald. We deny both Aurora's requests to award it further
attorney's fees and costs and to award it the $10,000.00 appeal bond filed in the justice court. In all
other respects, we affirm the judgment of the trial court. 




 Bailey C. Moseley

 Justice


Date Submitted: January 26, 2009

Date Decided: January 27, 2009



1. Lee's affidavit states, "I do not know a Mickey Gerald, Sr. I have never communicated with
him in any way. I have never entered into any leasing agreement with this individual. I have never
authorized Mr. Gerald to occupy this property, and his occupation of the property was and is without
my knowledge and consent. I have never received any rental payments from Mr. Gerald or any other
individual. Any and all representations made by Mr. Gerald to this Court or any other authority
regarding his association with me are false and fraudulent."
2. Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by
the Texas Supreme Court pursuant to its docket equalization efforts. See Tex. Gov't Code Ann.
§ 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Fifth Court of
Appeals and that of this Court on any relevant issue. See Tex. R. App. P. 41.3.
3. There is nothing in the record to suggest there are other occupants located on the property.